IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| WON-DOOR CORPORATION, a Utah Corporation,<br><br>            Plaintiff,<br><br>vs.<br><br>CORNELL IRON WORKS, INC., a Pennsylvania Corporation,<br><br>            Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND CAUSE OF ACTION FOR INFRINGEMENT OF WON-DOOR'S PROVISIONAL RIGHTS IN THE '914 PATENT<br><br>Case No. 2:13-CV-331 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Second Cause of Action for Infringement of Won-Door's Provisional Rights in the '914 Patent.[1]  For the reasons set forth below, the Court will deny Defendant's Motion.

I.  BACKGROUND

Plaintiff Won-Door Corporation manufactures movable partitions designed to extend and retract across rooms, and related components used to install such partitions.  Defendant Cornell Iron Works, Inc. manufactures a wide range of overhead doors and door closure products.  At issue in this case are a variety of accordion-style partitions that are suspended from overhead attachments.

On July 28, 2009, Plaintiff filed U.S. Patent Application 12/510,382, which was subsequently published on February 3, 2011, as US2011/0024061 ("the '061 Publication").  The '061 Publication described a header assembly that suspends the partition and comprises a single

---

[1] Docket No. 16.

1

channel in which the partition slides to extend or retract.  On February 9, 2012, one of Plaintiff's employees obtained a sample of a one-track assembly being used by Defendant in installations and notified Plaintiff's Installation Manager.

In May 2012, Plaintiff contacted Defendant asserting that Defendant's one-track assembly appeared to fall within the scope of the '061 Publication and that Plaintiff had a right to pursue a legal remedy once the patent issued.  On November 27, 2012, Plaintiff's application issued as U.S. Patent 8,316,914 ("the '914 Patent").  On May 1, 2013, another of Plaintiff's employees observed a partition installed by Defendant that used the one-track assembly.  On May 10, 2013, Plaintiff filed suit against Defendant alleging patent infringement and seeking, among other relief, provisional rights damages based on the allegedly infringing conduct that occurred after May 2012 and before November 27, 2012.  On June 13, 2013, Defendant moved to dismiss Plaintiff's provisional rights cause of action.

## II.  LEGAL STANDARD

In the Federal Circuit, "[a] motion to dismiss for failure to state a claim upon which relief can be granted is a purely procedural question not pertaining to patent law" and is therefore governed by the law of the regional circuit.[2]  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'"[3]  But, the Court "will disregard conclusory statements."[4]  The Court must "accept as

---

[2] *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007).

[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[4] *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012).

true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff."[5]  "[C]ourts must consider the complaint in its entirety, . . . [including] documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[6]  "'[T]he district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[7]

## III.  DISCUSSION

Defendant argues that Plaintiff's claim for provisional rights in the '914 Patent should be dismissed with prejudice because the '061 Publication is not substantially identical to the '914 Patent.  Plaintiff contends that its claim is sufficiently pleaded and that Defendant's Motion prematurely challenges the merits of Plaintiff's claim.  Nonetheless, Plaintiff also argues that the '061 Publication and the '914 Patent are substantially identical.

A.   SUBSTANTIALLY IDENTICAL

35 U.S.C. § 154(d) provides patent holders "the right to obtain a reasonable royalty from any person who, during the period beginning on the date of publication of the application for such patent . . . makes, uses, offers for sale, or sells in the United States the invention as claimed in the published patent application" so long as "the invention as claimed in the patent is

---

[5] *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).

[6] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

[7] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

substantially identical to the invention as claimed in the published patent application."[8]  To determine whether the issued patent is substantially identical to the published patent application, federal courts have been guided by case law regarding intervening rights under 35 U.S.C. § 252, which requires reissue claims to be substantially identical to original claims.[9]

The Federal Circuit has interpreted the word "identical" in § 252 to mean, "*at most*, 'without substantive change.'"[10]  "[I]n determining whether substantive changes have been made, [courts] must discern whether the *scope* of the claims are identical, not merely whether different words are used."[11]  "There is no absolute rule for determining whether an amended claim is legally identical to an original claim."[12]  "To determine whether a claim change is substantive it is necessary to analyze the claims of the original and the reexamined patents in light of the particular facts, including the prior art, the prosecution history, other claims, and any other pertinent information."[13]  Nonetheless, "it is difficult to conceive of many situations in which the scope of a rejected claim that became allowable when amended is not substantively

---

[8] 35 U.S.C. § 154(d) (2012).

[9] *See, e.g.*, *Sloan Valve Co. v. Zurn Indus., Inc.*, No. 10 C 204, 2012 WL 5306287, at *4 (N.D. Ill. Oct. 26, 2012) (citing *Pandora Jewelry, LLC v. Chamilia, LLC*, No. CCB-06-600, 2008 WL 3307156, at *8 (D. Md. Aug. 8, 2008); *Prestige Pet Prods., Inc. v. Pingyang Huaxing Leather & Plastic Co. Ltd.*, 767 F. Supp. 2d 806, 812 (E.D. Mich. Mar. 3, 2011)).

[10] *Seattle Box Co., Inc. v. Indus. Crating & Packing, Inc.*, 731 F.2d 818, 827–28 (Fed. Cir. 1984).

[11] *Laitram Corp. v. NEC Corp. (Laitram II)*, 163 F.3d 1342, 1346 (Fed. Cir. 1998).

[12] *Bloom Eng'g Co., Inc. v. N. Am. Mfg. Co., Inc.*, 129 F.3d 1247, 1250 (Fed. Cir. 1997).

[13] *Laitram Corp. v. NEC Corp. (Laitram I)*, 952 F.2d 1357, 1362–63 (Fed. Cir. 1991).

changed by the amendment . . . ."[14]  But "[a]n amendment that clarifies the text of the claim or makes it more definite without affecting its scope is generally viewed as identical . . . ."[15]  "It is well-settled that, in interpreting an asserted claim, the court should look first to the intrinsic evidence of record, *i.e.*, the patent itself, including the claims, the specification, and, if in evidence, the prosecution history."[16]

Defendant urges the Court to follow the guidance of *Prestige Pet Products, Inc. v. Pingyang Huaxing Leather & Plastic Co., Ltd.*  In *Prestige Pet*, the court dismissed the plaintiff's provisional rights cause of action after construing language added to the claims during the patent's prosecution in comparison with the original claim language.[17]  In a footnote, the court explained that the patent's prosecution history fell within the Sixth Circuit's standard that allows courts to consider letter decisions of governmental agencies when evaluating motions to dismiss.[18]  Although the Tenth Circuit's standard does not explicitly reference letter decisions of governmental agencies, it allows courts to take judicial notice of patent documents such as the patent's prosecution history.[19]

---

[14] *Laitram II*, 163 F.3d at 1348.

[15] *Bloom Eng'g*, 129 F.3d at 1250.

[16] *Vitronics Corp. v. Conceptronic, Inc.*, 90 F.3d 1576, 1582 (Fed. Cir. 1996) (citing *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 976 (Fed. Cir. 1995) (in banc), *aff'd*, 517 U.S. 370 (1996)).

[17] *Prestige Pet*, 767 F. Supp. 2d at 813.

[18] *Id.* at 813 n.3 (citing *Jackson v. City of Columbus*, 194 F.3d 737, 745 (6th Cir. 1999)).

[19] *See Hay & Forage Indus. v. New Holland N. Am., Inc.*, 25 F. Supp. 2d 1170, 1175 n.2 (D. Kan. 1998).

This Court is persuaded by the approach of another federal district court that denied a 12(b)(6) motion to dismiss a claim for provisional rights. In *Bird Barrier America, Inc. v. Bird-B-Gone, Inc.*,[20] the court concluded that taking judicial notice of a patent's prosecution history and construing its claims at the motion to dismiss stage is premature.[21] *Bird Barrier* was decided based on the Ninth Circuit's 12(b)(6) standard, which also does not explicitly reference letter decisions of governmental agencies.[22] Moreover, *Bird Barrier*'s analysis finds support in the analogous context of construing original and amended claims under § 252—there too, courts have held that it is premature to perform claim construction at the motion to dismiss stage.[23]

The *Prestige Pet* court's holding also relied on that court's view that "[a] claim may be so clearly not substantially identical upon a plain reading . . . that claim construction is unnecessary."[24] But this approach potentially conflicts with the Federal Circuit's instruction for courts to engage in a thorough examination of intrinsic and extrinsic evidence.[25]

---

[20] No. SACV 09-0418, 2010 WL 761241 (C.D. Cal. Mar. 1, 2010).

[21] *Id.* at *3.

[22] *See id.* at *1.

[23] *See, e.g.*, *Artemi Ltd. v. Safe-Strap Co., Inc.*, 947 F. Supp. 2d 473, 2013 WL 2367874 (D. N.J. 2013) ("[T]he issue of whether the claims are substantially identical is most appropriately decided after claim construction. Indeed, courts have refused to rule on whether claims are substantially identical before claim construction." (citing *Etagz, Inc. v. Quicksilver, Inc.*, No. SACV 10-0300, 2012 WL 2135497 (C.D. Cal. June 11, 2012); *Sorensen v. Emerson Elec. Co.*, Nos. 08cv0060, 08cv0070, 08cv0305, 2011 WL 6752559 (S.D. Cal. Dec. 22, 2011); *StemCells Inc. v. Neuralstem Inc.*, No. AW-06-1877, 2009 WL 3681653 (D. Md. Oct. 30, 2009)).

[24] *Prestige Pet*, 767 F. Supp. 2d at 812.

[25] *Etagz, Inc.*, 2012 WL 2135497, at *3 ("Defendant's contention that 'even a cursory comparison of the new claims demonstrates that they are not substantially identical to the original claims' is directly contrary to the Federal Circuit's mandate for courts to engage in a

Based on the foregoing, the Court will not take judicial notice of the '914 Patent's prosecution history or construe the claims at this stage. Instead, the Court will assess the sufficiency of Plaintiff's pleading without reaching the merits of its provisional rights claim.

B.   SUFFICIENCY OF PLEADING

Although not originally advanced in the Motion to Dismiss, Defendant's argument morphed into a challenge of the sufficiency of Plaintiff's Complaint. Defendant argues that the Complaint does not contain enough factual allegations to state a plausible claim for provisional rights. Plaintiff argues that although it is unnecessary to explicitly plead entitlement to provisional rights in an infringement suit, Plaintiff's Complaint nonetheless pleaded enough facts to support such relief.

This Court has held that a general prayer for "such other and further relief as the Court may deem just and proper" satisfies the pleading standard of Rule 8 for a plaintiff seeking provisional rights in an infringement action.[26] In the instant case, Plaintiff's Complaint contains a similar general prayer for "such other relief as the Court may deem just and equitable."[27]

Moreover, the Complaint contains a number of additional allegations supporting its assertion of provisional rights in the '914 Patent. First, Plaintiff relies in part on 35 U.S.C. § 154 as support for this Court's subject matter jurisdiction over the dispute. Second, Plaintiff pleads a separate cause of action for provisional rights, which includes the following allegations and

---

thorough examination." (citation omitted)); *see Vitronics Corp.*, 90 F.3d at 1582; *Laitram I*, 952 F.2d at 1362–63.

[26] *K-Tec, Inc. v. Vita-Mix Corp.*, No. 2:06-CV-108, 2010 WL 2079682, at *8 (D. Utah May 24, 2010).

[27] Docket No. 2, at 9.

assertions: Defendant manufactured and sold products that fell within the scope of the '061 Publication, Plaintiff provided Defendant with formal written notice of the '061 Publication in May 2012, the invention claimed in the '914 Patent is substantially identical to the invention claimed in the '061 Publication, and Defendant continued to infringe Plaintiff's provisional rights after receiving notice of the '061 Publication.[28]  Third, Plaintiff includes a more specific prayer for the following relief: "[a] judgment that Defendant has violated Plaintiff's provisional rights in the claims of the '914 Patent."[29]

Based on the foregoing, the Court finds that Plaintiff's request for provisional rights satisfies the pleading standard of Rule 8.

## IV.  CONCLUSION

Based on the foregoing, it is hereby

ORDERED that Defendant's Motion to Dismiss Plaintiff's Second Cause of Action for Infringement of Won-Door's Provisional Rights in the '914 Patent (Docket No. 16) is DENIED.

DATED this 13th day of January, 2014.

BY THE COURT:

_____
Ted Stewart
United States District Judge

---

[28] *Id.* at 4, 6.

[29] *Id.* at 8.